UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARION MOORE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 6:05-cv-232-Orl-19DAB
(6:98-cr-203-Orl-19DAB)

## **ORDER**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Darion Moore (Doc. No. 1). The Government filed a timely response to the motion (Doc. No. 5).

*Procedural History*

Petitioner and others were charged in a four count superceding indictment with committing various crimes. (Criminal Case No. 6:98-cr-203-Orl-19DAB, Doc. No. 28, filed October 8, 1998).[1] Petitioner was charged in count one with conspiracy to possess with intent to distribute cocaine base. On February 22, 1999, pursuant to a written plea agreement (Criminal Case Doc. No. 100), Petitioner entered a plea of guilty to count one of the superceding indictment before United States Magistrate Judge David A. Baker. *See* Criminal Case Doc. No. 107. Magistrate Judge Baker entered a report and recommendation recommending that the guilty plea be accepted and that Petitioner be adjudged guilty and have sentence imposed accordingly (Criminal Case Doc. No. 110). The district court accepted

---

[1] Hereinafter Criminal Case No. 6:98-cr-203-Orl-19DAB will be referred to as "Criminal Case."

the plea and adjudicated Petitioner guilty of count one of the superceding indictment (Criminal Case Doc. No. 112). A sentencing hearing was conducted, and, on May 26, 1999, the district court entered a Judgment in a Criminal Case, sentencing Petitioner to a 135 month term of imprisonment (Criminal Case Doc. No. 125). A Corrected Judgment in a Criminal Case (Criminal Case Criminal Case Doc. No. 126) was entered on July 28, 1999, to include community service and the denial of federal benefits. Petitioner did not file a direct appeal of his conviction or sentence.

*Timeliness of Petitioner's Motion*

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted, as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The Government contends that Petitioner's motion is subject to dismissal because it was not timely filed under the one year limitation of § 2255.

Under the time limitation set forth in § 2255(1), Petitioner had one year from when his conviction became final to file a § 2255 motion. Petitioner's Corrected Judgment in a Criminal Case was entered on July 28, 1999, and he did not file a direct appeal. Therefore, his conviction became

final, at the latest, on August 7, 1999, when the time for filing an appeal expired. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (a conviction which is not appealed becomes final when the time allowed for filing an appeal expires). Thus, Petitioner had through August 7, 2000, to file his § 2255 motion. However, the instant proceeding was not filed until January 31, 2005, under the mailbox rule. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (*pro se* prisoner's § 2255 motion is deemed filed the date that it is delivered to prison authorities for mailing). Since the one year period of limitation ran on August 7, 2000, Petitioner's January 31, 2005, motion was not timely filed and must be denied.

Petitioner argues that § 2255(3) dictates the time limitation for his motion (Doc. No. 2 at 1). Petitioner's instant claims are based on the United States Supreme Court's decisions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005). Petitioner contends that these decisions set forth a newly recognized right which is applicable to cases on collateral review. This contention is unavailing.

The Eleventh Circuit Court of Appeals has specifically determined that the *Booker* decision does not apply retroactively to cases on collateral review. *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) ("[W]e conclude that *Booker*'s [and *Blakely*'s] constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."). Since these cases do not apply retroactively to cases on collateral review, Petitioner does not fall within the purview of § 2255(3), and his § 2255 motion must be denied as untimely.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant motion within the one year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Darion Moore (Doc. No. 1) is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 156) pending in case number 6:98-cr-203-Orl-19DAB.

**DONE AND ORDERED** at Orlando, Florida, this _21st____ day of June, 2005.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 6/21
Darion Moore
Counsel of Record

4